IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BARRY DOBBS § | |
| *Plaintiffs* § | |
| § | |
| v. § | CIVIL ACTION NO. _____ |
| § | |
| LOWE'S HOME CENTERS, LLC AND § | |
| LOWES COMPANIES, INC. § | |
| *Defendants* § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, BARRY DOBBS, (hereinafter referred to as "PLAINTIFF"), and files this their Original Complaint complaining of LOWE'S HOME CENTERS, LLC and LOWE'S COMPANIES, INC. (hereinafter referred to as "Defendants") and for cause of action would respectfully show unto the Court as follows:

**I.
JURISDICTION AND VENUE**

(1) This Court possesses jurisdiction of this case pursuant to 28 U.S.C. §1332(c) (1), based upon the complete diversity of citizenship between the parties, as well as 28 U.S.C. §1332 based upon diversity of jurisdiction and the amount in controversy exceeding $75,000.00, exclusive of interest and costs. The Plaintiff is a citizen of the State of Texas and reside and has a permanent resident in Mineola, Texas. The Defendant, LOWE'S HOME CENTERS, LLC, is a foreign corporation, organized and formed in the State of North Carolina, is not a citizen of the State of Texas and has as its principal place of business 1605 Curtis Bridge Road, Wilkesboro, NC 28697. No members of Lowes Home Center, LLC resides in Texas. Further, LOWE'S COMPANIES, INC. is a foreign corporation, organized and formed in North Carolina

and its principal place of business is 1605 Curtis Bridge Road, Wilkesboro, North Carolina 28697.

(2)     Venue is proper in the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. §1391(a), since a substantial part of the events giving rise to this cause of action occurred within this judicial district.

## II.
## PARTIES

(3)     The Plaintiff is a resident of Wood County, Texas.

(4)     The Defendant, LOWE'S HOME CENTERS, LLC is a foreign Corporation organized and existing under the laws of North Carolina and is not a citizen of the State of Texas, and is doing business in the State of Texas, and may be served with process by serving the Registered Agent Corporation Service Company DBA CSC – Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701  via certified mail, return receipt requested.

(5)     The Defendant, LOWE'S COMPANIES, INC. is a foreign Corporation organized and existing under the laws of North Carolina and is not a citizen of the State of Texas, and is doing business in the State of Texas, and may be served with process by serving the Registered Agent Corporation Service Company DBA CSC – Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701  via certified mail, return receipt requested.

## III.
## FACTUAL ALLEGATIONS

(6)     On or about April 12, 2025, Plaintiff, BARRY DOBBS, was an invitee/customer at the premises located at 3200 S. Main Street, Lindale, Texas 75771, for the purpose of transacting business at Defendant's premises, known as Lowe's. Plaintiff was standing in the checkout line in the lawn and garden area of Defendants' premises when he was suddenly struck from behind by a tall plant rack being pushed by an employee of Defendant in the course and scope of employment with Defendant .

## IV.
## CAUSE OF ACTION

(7)     Plaintiffs incorporate by reference paragraphs 1 through 6 above.

(8)      Plaintiffs allege that the Defendants, by and through its acts, and its agents, servants and employees' acts and/or omissions, were a proximate cause of the incident and injuries in question.  Specifically, plaintiffs would show that the defendants:

1. In pushing the plant rack in an unsafe manner;
2. In pushing the plant rack with an obstructed view through areas where customers, including Plaintiff, were present;
3. In failing to pull the plant cart rather than pushing in order maintain an unobstructed view;
4. In failing to utilize personnel in front and back of the plant cart when moving the cart;
5. In failing to utilize a spotter when moving the plant cart;
6. In failing to warn Plaintiff of the approaching plant cart;
7. Violated Defendants own policies and procedures regarding the proper movement of plant racks;
8. Violated Defendant's own policies, rules, and procedures regarding warning customers of dangerous activities;
9. Failed to properly train and supervise employees in the movement of merchandise in a safe and proper manner;
10. Failed to properly and prudently supervise and train employees to recognize hazardous activities and conditions;
11.  In moving merchandise in a negligent manner.

# VI.
# DAMAGES

(9)     Plaintiff, BARRY DOBBS, damages include past, and probable future loss, which includes:

   a. Pain and mental anguish;

   b. Physical and mental impairment

   c. Loss of earnings and earning capacity

   d. Disfigurement; and

   e. Necessary medical, psychological, psychiatric, therapeutic, pharmaceutical, and hospital care, including rehabilitative services and devices.

(10)    Plaintiffs further alleges that Defendants, by and through their acts and/or omissions and through the acts and or omissions of their employees, agents and representatives, as set out and plead for above and below, exceeded the test for negligence and committed acts and/or omissions of gross negligence that amounted to more than momentary thoughtlessness, inadvertence or error of judgment.  Plaintiffs allege that said acts and/or omissions amounted to such an entire want of care as to establish that the act or omission was the result of actual conscious indifference to the rights, safety or welfare of Plaintiffs and others on the premises.  Plaintiffs further allege that the Defendants' acts and/or omissions of gross negligence created an extreme degree of risk to Plaintiffs and others on the premises.  Plaintiffs further allege that the Defendants' acts and/or omissions of gross negligence, when viewed objectively from the standpoint of the Defendants at the time of its occurrence, involved an extreme degree of risk considering the probability and magnitude of potential harm to others, including Plaintiffs.  Plaintiffs further allege that the Defendants had actual

subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety and welfare of Plaintiffs.  In this regard, Plaintiffs therefore seeks punitive damages.

(11)    Plaintiff respectfully requests a trial by jury on all issues.

(12)    Plaintiff seeks judgment against Defendants, jointly and severally, for their actual damages set forth above, punitive/exemplary damages together with pre-judgment and post-judgment interest at the legal rate, cost of court, and such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

*s/ Joe M Worthington*
Jimmy M. Negem, Sr.
State Bar No. 14865500
Joe M. Worthington
State Bar No. 22009950
Jimmy M. Negem, Jr.
State Bar No. 24115371
Nicholas M. Negem
State Bar No. 24123713
Negem & Worthington
1828 E SE Loop 323
Suite R – 1A
Tyler, Texas 75701
903.595.4466 (telephone)
903.593.3266 (facsimile)
Joe@Negemlaw.com
ATTORNEYS FOR PLAINTIFF